UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES JAMIL GARRETT,<br><br>                Plaintiff,<br><br>        v.<br><br>DR. NGOZI IGBINOSA,<br><br>                Defendant. | CASE No. 1:16-cv-00259-MJS (PC)<br><br>**ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND**<br><br>**(ECF NO. 1)**<br><br>**AMENDED COMPLAINT DUE WITHIN THIRTY (30) DAYS** |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil rights action brought pursuant to 42 U.S.C. § 1983. He has consented to Magistrate Judge jurisdiction. (ECF No. 5.) No other parties have appeared in the action.

Plaintiff's complaint is before the Court for screening.

**I.      SCREENING REQUIREMENT**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous, malicious," or that fail to state a claim upon which

1    relief may be granted, or that seek monetary relief from a defendant who is immune from

2    such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion

3    thereof, that may have been paid, the court shall dismiss the case at any time if the court

4    determines that . . . the action or appeal . . . fails to state a claim upon which relief may

5    be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

6    **II.    PLEADING STANDARD**

7         Section 1983 "provides a cause of action for the deprivation of any rights,

8    privileges, or immunities secured by the Constitution and laws of the United States."

9    Wilder v. Virginia Hosp. Ass'n, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983).

10   Section 1983 is not itself a source of substantive rights, but merely provides a method for

11   vindicating federal rights conferred elsewhere. Graham v. Connor, 490 U.S. 386, 393-94

12   (1989).

13        To state a claim under § 1983, a plaintiff must allege two essential elements:

14   (1) that a right secured by the Constitution or laws of the United States was violated and

15   (2) that the alleged violation was committed by a person acting under the color of state

16   law. See West v. Atkins, 487 U.S. 42, 48 (1988); Ketchum v. Alameda Cnty., 811 F.2d

17   1243, 1245 (9th Cir. 1987).

18        A complaint must contain "a short and plain statement of the claim showing that

19   the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations

20   are not required, but "[t]hreadbare recitals of the elements of a cause of action,

21   supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S.

22   662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).

23   Plaintiff must set forth "sufficient factual matter, accepted as true, to state a claim to relief

24   that is plausible on its face." Id. Facial plausibility demands more than the mere

25   possibility that a defendant committed misconduct and, while factual allegations are

26   accepted as true, legal conclusions are not. Id. at 677-78.

27   ///

28

2

1    **III.    PLAINTIFF'S ALLEGATIONS**

2          Plaintiff is detained at the California Substance Abuse Treatment Facility

3    ("CSATF"), in Corcoran, California, where the acts giving rise to his complaint occurred.

4    He names a single defendant: Dr. Ngozi Igbinosa.

5          Plaintiff's claims may be summarized essentially as follows:

6          As background, Plaintiff explains that he was diagnosed with Valley Fever in 2011

7    while housed at Pleasant Valley State Prison. Plaintiff is a member of a class action

8    lawsuit in relation to his contraction of this disease. Defendant's husband, Felix Igbinosa,

9    is a defendant in this class action lawsuit.

10         Plaintiff was transferred to CSATF in 2014. There, his "medical provisions and

11   curative aids" were discontinued. On October 3, 2015, Plaintiff suffered a fall. He was

12   taken to medical for an appointment with Defendant Igbinosa on October 5, 2015.

13   Plaintiff initially was taken to medical in a wheelchair, but the wheelchair was needed for

14   another inmate. Thus, Plaintiff was returned to his unit and a correctional officer later

15   transported Plaintiff to medical on a gurney. From 11:30 a.m. to 4:00 p.m., Plaintiff

16   waited in pain to be seen. At approximately 4:00, a nurse who was leaving for the day

17   approached the gurney and stated that Defendant Igbinosa told the nurse to tell Plaintiff

18   to get down from the gurney and walk back to his unit on his own, and that Plaintiff

19   would be seen the following day.

20         Plaintiff attempted to comply. Doing so caused him pain and he stumbled. His

21   legs and feet gave out and he fell onto the cement floor. Since the fall, Plaintiff has

22   suffered stress and pain and has had "little to no help in pain management."

23         Plaintiff believes Defendant's conduct is motivated by Plaintiff's involvement in a

24   class action lawsuit against Defendant's husband.

25   ///

26   ///

27   ///

28

3

1    **IV.    ANALYSIS**

2        **A.    Linkage**

3        Under § 1983, Plaintiff must demonstrate that each named defendant personally

4    participated in the deprivation of his rights. Iqbal, 556 U.S. 662, 676-77 (2009); Simmons

5    v. Navajo Cnty., Ariz., 609 F.3d 1011, 1020-21 (9th Cir. 2010); Ewing v. City of Stockton,

6    588 F.3d 1218, 1235 (9th Cir. 2009); Jones v. Williams, 297 F.3d 930, 934 (9th Cir.

7    2002). Liability may not be imposed on supervisory personnel under the theory of

8    respondeat superior, as each defendant is only liable for his or her own misconduct.

9    Iqbal, 556 U.S. at 676-77; Ewing, 588 F.3d at 1235. Supervisors may only be held liable

10   if they "participated in or directed the violations, or knew of the violations and failed to act

11   to prevent them." Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989); accord Starr v.

12   Baca, 652 F.3d 1202, 1205-08 (9th Cir. 2011); Corales v. Bennett, 567 F.3d 554, 570

13   (9th Cir. 2009); Preschooler II v. Clark Cnty. Sch. Bd. of Trs., 479 F.3d 1175, 1182 (9th

14   Cir. 2007); Harris v. Roderick, 126 F.3d 1189, 1204 (9th Cir. 1997).

15       Plaintiff states that his Valley Fever treatment was discontinued upon his arrival at

16   CSATF. He also states that he has received ineffective pain management since his fall.

17   However, he does not link either of these allegations to Defendant. Indeed, it is not clear

18   that Defendant was involved in either medical decision.

19       Plaintiff will be given leave to amend. If Plaintiff wishes to pursue a civil rights

20   action on these bases, he must allege facts to show that a named Defendant

21   participated in the violations.

22       **B.    Medical Indifference**

23       The Eighth Amendment's Cruel and Unusual Punishments Clause prohibits

24   deliberate indifference to the serious medical needs of prisoners. McGuckin v. Smith,

25   974 F.2d 1050, 1059 (9th Cir. 1992). A claim of medical indifference requires (1) a

26   serious medical need, and (2) a deliberately indifferent response by defendant. Jett v.

27   Penner, 439 F.3d 1091, 1096 (9th Cir. 2006). The deliberate indifference standard is met

28

4

1   by showing (a) a purposeful act or failure to respond to a prisoner's pain or possible

2   medical need and (b) harm caused by the indifference. <u>Id.</u> Where a prisoner alleges

3   deliberate indifference based on a delay in medical treatment, the prisoner must show

4   that the delay led to further injury. <u>See</u> <u>Hallett v. Morgan</u>, 296 F.3d 732, 745-46 (9th Cir.

5   2002); <u>McGuckin</u>, 974 F.2d at 1060a; <u>Shapley v. Nevada Bd. Of State Prison Comm'rs</u>,

6   766 F.2d 404, 407 (9th Cir. 1985) (per curiam).

7           "Deliberate indifference is a high legal standard." <u>Toguchi v. Chung</u>, 391 F.3d

8   1051, 1060 (9th Cir. 2004). "Under this standard, the prison official must not only 'be

9   aware of the facts from which the inference could be drawn that a substantial risk of

10  serious harm exists,' but that person 'must also draw the inference.'" <u>Id.</u> at 1057 (quoting

11  <u>Farmer v. Brennan</u>, 511 U.S. 825, 837 (1994)). "'If a prison official should have been

12  aware of the risk, but was not, then the official has not violated the Eighth Amendment,

13  no matter how severe the risk.'" <u>Id.</u> (brackets omitted) (quoting <u>Gibson</u>, 290 F.3d at

14  1188). Mere indifference, negligence, or medical malpractice is not sufficient to support

15  the claim. <u>Broughton v. Cutter Labs.</u>, 622 F.2d 458, 460 (9th Cir. 1980) (citing <u>Estelle v.</u>

16  <u>Gamble</u>, 429 U.S. 87, 105-06 (1976)). A prisoner can establish deliberate indifference by

17  showing that officials intentionally interfered with his medical treatment for reasons

18  unrelated to the prisoner's medical needs. <u>See</u> <u>Hamilton v. Endell</u>, 981 F.2d 1062, 1066

19  (9th Cir. 1992); <u>Estelle</u>, 429 U.S. at 105.

20          An allegation that prison officials deliberately ignored a prisoner's complaint about

21  the ineffective nature of prescribed pain medication and the pain being suffered as a

22  result can, in some circumstances, give rise to a constitutional claim. <u>See</u> <u>Chess v.</u>

23  <u>Dovey</u>, No. CIV S-07-1767 LKK DAD P., 2011 WL 567375, at *21 (E.D. Cal. Feb. 15,

24  2011) (denying summary judgment on Eighth Amendment claim where the doctor

25  "ignored plaintiff's complaint about the ineffective nature of the Tylenol, aspirin and other

26  medications he was being given and the pain being suffered as a result"); <u>Franklin v.</u>

27  <u>Dudley</u>, No. 2:07-cv-2259 FCD KJN P., 2010 WL 5477693, at *6 (E.D. Cal. Dec. 29,

28

1    2010) (existence of triable issue of fact as to whether defendant violated Eighth

2    Amendment precluded the granting of summary judgment where plaintiff was previously

3    prescribed narcotic pain medication but now was given only Motrin, Naprosyn, and

4    Tylenol under prison's no-narcotic policy). However, a prisoner does not have a

5    constitutional right to the medication of his choice, and a mere difference of opinion

6    regarding appropriate treatment and pain medication is insufficient to give rise to a

7    constitutional claim. Toguchi, 391 F.3d at 1058; Wilson v. Borg, No. 95-15720, 1995 WL

8    571481, at *2 (9th Cir. Sept. 27, 1995); Smith v. Norrish, No. 94-16906, 1995 WL

9    267126, at *1 (9th Cir. May 5, 1995); McMican v. Lewis, No. 94-16676, 1995 WL

10   247177, at *2 (9th Cir. Apr. 27, 1995).

11          Plaintiff's allegations of pain and mobility challenges are sufficient to allege a

12   serious medical need. Jett, 439 F.3d at 1096 (a "serious medical need" may be shown

13   by demonstrating that "failure to treat a prisoner's condition could result in further

14   significant injury or the 'unnecessary and wanton infliction of pain'"); McGuckin, 974 F.2d

15   at 1059-60 ("The existence of an injury that a reasonable doctor or patient would find

16   important and worthy of comment or treatment; the presence of a medical condition that

17   significantly affects an individual's daily activities; or the existence of chronic and

18   substantial pain are examples of indications that a prisoner has a 'serious' need for

19   medical treatment.").

20          However, Plaintiff fails to allege facts to show that Defendant acted with deliberate

21   indifference. The facts alleged by Plaintiff do not reflect that Defendant was aware that

22   Plaintiff waited in pain for five hours to be seen, nor do they reflect that Defendant knew

23   Plaintiff was unable to safely return to his housing unit without assistance. Absent such

24   facts, Plaintiff fails to show that Defendant knew of but disregarded a substantial risk to

25   Plaintiff's safety. Plaintiff will be given leave to amend.

26

27

28

1    **C.    First Amendment Retaliation**

2    Plaintiff appears to allege that Defendant retaliated against him for filing a lawsuit

3    against Defendant's husband.

4    "Within the prison context, a viable claim of First Amendment retaliation entails

5    five basic elements: (1) An assertion that a state actor took some adverse action against

6    an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4)

7    chilled the inmate's exercise of his First Amendment rights, and (5) the action did not

8    reasonably advance a legitimate correctional goal." Rhodes v. Robinson, 408 F.3d 559,

9    567-68 (9th Cir. 2005).

10    The second element focuses on causation and motive. See Brodheim v. Cry, 584

11    F.3d 1262, 1271 (9th Cir. 2009). A plaintiff must show that his protected conduct was a

12    "'substantial' or 'motivating' factor behind the defendant's conduct." Id. (quoting

13    Sorrano's Gasco, Inc. v. Morgan, 874 F.2d 1310, 1314 (9th Cir. 1989). Although it can

14    be difficult to establish the motive or intent of the defendant, a plaintiff may rely on

15    circumstantial evidence. Bruce v. Ylst, 351 F.3d 1283, 1289 (9th Cir. 2003) (finding that

16    a prisoner established a triable issue of fact regarding prison officials' retaliatory motives

17    by raising issues of suspect timing, evidence, and statements); Hines v. Gomez, 108

18    F.3d 265, 267-68 (9th Cir. 1997); Pratt v. Rowland, 65 F.3d 802, 808 (9th Cir. 1995)

19    ("timing can properly be considered as circumstantial evidence of retaliatory intent").

20    In terms of the third prerequisite, pursuing a civil rights legal action is protected

21    activity under the First Amendment. Rizzo v. Dawson, 778 F.2d 527, 532 (9th Cir. 1985).

22    With respect to the fourth prong, "[it] would be unjust to allow a defendant to

23    escape liability for a First Amendment violation merely because an unusually determined

24    plaintiff persists in his protected activity . . . ." Mendocino Envtl. Ctr. v. Mendocino Cnty.,

25    192 F.3d 1283, 1300 (9th Cir. 1999). The correct inquiry is to determine whether an

26    official's acts would chill or silence a person of ordinary firmness from future First

27

28

1    Amendment activities. Rhodes, 408 F.3d at 568-69 (citing Mendocino Envtl. Ctr., 192

2    F.3d at 1300).

3         With respect to the fifth prong, a prisoner must affirmatively allege that "'the prison

4    authorities' retaliatory action did not advance legitimate goals of the correctional

5    institution or was not tailored narrowly enough to achieve such goals." Rizzo v. Dawson,

6    778 F.2d 527, 532 (9th Cir. 1985).

7         Plaintiff's allegations fail to state a claim for retaliation. He alleges no facts to

8    suggest that Defendant was aware of Plaintiff's participation in a class action lawsuit

9    against her husband. Additionally, for the reasons stated above, the facts alleged do not

10   suggest that Defendant was aware her action or inaction would have an adverse effect

11   on Plaintiff. Plaintiff therefore has failed to allege facts to suggest that Defendant acted

12   on a retaliatory motive. Plaintiff will be given leave to amend.

13   **V.    CONCLUSION AND ORDER**

14        Plaintiff's complaint does not state a claim. The Court will grant Plaintiff an

15   opportunity to file an amended complaint. Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th

16   Cir. 1987). If Plaintiff chooses to amend, he must demonstrate that the alleged acts

17   resulted in a deprivation of his constitutional rights. Iqbal, 556 U.S. at 677-78. Plaintiff

18   must set forth "sufficient factual matter . . . to 'state a claim that is plausible on its face.'"

19   Id. at 678 (quoting Twombly, 550 U.S. at 555 (2007)). Plaintiff must also demonstrate

20   that each named Defendant personally participated in a deprivation of his rights. Jones

21   v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).

22        Plaintiff should note that although he has been given the opportunity to amend, it

23   is not for the purposes of adding new claims. George v. Smith, 507 F.3d 605, 607 (7th

24   Cir. 2007). Plaintiff should carefully read this screening order and focus his efforts on

25   curing the deficiencies set forth above.

26        Finally, Plaintiff is advised that Local Rule 220 requires that an amended

27   complaint be complete in itself without reference to any prior pleading. As a general rule,

28

an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once an amended complaint is filed, the original complaint no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged. The amended complaint should be clearly and boldly titled "First Amended Complaint," refer to the appropriate case number, and be an original signed under penalty of perjury. Plaintiff's amended complaint should be brief. Fed. R. Civ. P. 8(a). Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." Twombly, 550 U.S. at 555 (citations omitted).

Accordingly, it is HEREBY ORDERED that:

1. Plaintiff's complaint is dismissed for failure to state a claim upon which relief may be granted;

2. The Clerk's Office shall send Plaintiff a blank civil rights complaint form and a copy of his complaint, filed February 24, 2016;

3. Within thirty (30) days from the date of service of this order, Plaintiff must file a first amended complaint curing the deficiencies identified by the Court in this order or a notice of voluntary dismissal; and

4. If Plaintiff fails to file an amended complaint or notice of voluntary dismissal, this action will be dismissed, with prejudice, for failure to comply with a court order and failure to state a claim, subject to the "three strikes" provision set forth in 28 U.S.C. § 1915(g)..

IT IS SO ORDERED.

Dated:   April 13, 2016        /s/ *Michael J. Seng*
                              UNITED STATES MAGISTRATE JUDGE

9

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28