UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES JAMIL GARRETT,<br><br>Plaintiff,<br><br>v.<br><br>DR. NGOZI IGBINOSA,<br><br>Defendant. | Case No. 1:16-cv-00259-JLO-JDP<br><br>ORDER DENYING MOTIONS FOR APPOINTMENT OF COUNSEL<br><br>ECF Nos. 55, 66 |

This matter is before the court on plaintiff's second and third motions seeking the appointment of counsel. ECF Nos. 55, 66. Plaintiff James Jamil Garrett is proceeding without counsel in this civil rights action brought under 42 U.S.C. § 1983. He states that appointment of counsel is necessary because the case is complex and he lacks the mental capacity to prosecute the case effectively. Plaintiff's first motion seeking the appointment of counsel made similar allegations, ECF No. 42, and was denied, ECF No. 43.

Plaintiff does not have a constitutional right to appointed counsel in this action, *see Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *withdrawn in part on other grounds on reh'g en banc*, 154 F.3d 952 (9th Cir. 1998), and the court lacks the authority to require an attorney to represent plaintiff, *see Mallard v. U.S. District Court for the Southern District of Iowa*, 490 U.S. 296, 298 (1989). The court may request the voluntary assistance of counsel. *See* 28 U.S.C. § 1915(e)(1) ("The court may request an attorney to represent any person unable to afford counsel"); *Rand*, 113 F.3d at 1525. However, without a means to compensate counsel, the court will seek volunteer counsel only in exceptional circumstances. In determining

1

whether such circumstances exist, "the district court must evaluate both the likelihood of success on the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved." *Rand*, 113 F.3d at 1525 (internal quotation marks and citations omitted).

Exceptional circumstances requiring the recruitment of counsel are not present here. The court is currently reviewing defendant's motion for summary judgment, which has been fully briefed by the parties. It is not apparent that plaintiff is unable to articulate his claims adequately, even though the issues are somewhat complex. Further, plaintiff has not demonstrated that he is likely to succeed on the merits.

The court may later revisit this issue if the interests of justice so require. If plaintiff later renews his request for counsel, he should provide a detailed explanation of the circumstances that he believes justify appointment of counsel

Accordingly, plaintiff's motions for the appointment of counsel, ECF Nos. 55, 66, are denied without prejudice.

IT IS SO ORDERED.

Dated:   January 31, 2019                             _____
                                                      UNITED STATES MAGISTRATE JUDGE

No. 204