UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES JAMIL GARRETT,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>DR. NGOZI IGBINOSA,<br><br>　　　　Defendant. | Case No. 1:16-cv-00259-JLO-JDP<br><br>FINDINGS AND RECOMMENDATIONS THAT COURT GRANT DEFENDANT'S MOTION FOR SUMMARY JUDGMENT<br><br>OBJECTIONS DUE IN 14 DAYS<br><br>ECF No. 57 |

This matter is before the court on defendant's motion for summary judgment. ECF No. 57. Plaintiff James Jamil Garrett is a state prisoner proceeding without counsel in this civil rights action brought under 42 U.S.C. § 1983. Defendant Dr. Ngozi Igbinosa is a physician employed by California Department of Corrections and Rehabilitation ("CDCR"), who was plaintiff's primary-care provider during his incarceration at the California Substance Abuse Treatment Facility and State Prison, Corcoran ("CSATF"). This action proceeds on plaintiff's second amended complaint, which alleges claims of Eighth Amendment medical indifference and First Amendment retaliation. ECF No. 20.[1]

On June 14, 2018, defendant moved for summary judgment under Federal Rule of Civil Procedure 56, arguing that (1) defendant did not act with deliberate indifference to plaintiff's

---

[1] In addition to the complaint and answer, plaintiff filed a response to answer without permission from the court. ECF No. 39. Given the liberal treatment of unrepresented parties, we have taken plaintiff's response to answer into consideration for the purposes of this order. *See Fields v. Waddington*, 401 F.3d 1018, 1021 (9th Cir. 2005).

1

serious medical needs; (2) plaintiff cannot establish that defendant caused plaintiff harm; (3) defendant did not take adverse action in retaliation; and (4) defendant is entitled to qualified immunity.[2] ECF No. 57. Plaintiff filed an opposition to summary judgment on August 27, 2018. ECF No. 61. Defendant filed a reply on September 4, 2018. ECF No. 62. Additionally, defendant filed objections to plaintiff's evidence on September 4, 2018. ECF No. 63. Plaintiff objected to those objections on September 24, 2018. ECF No. 64.[3] The motion was submitted on the record without oral argument under Local Rule 230(l).[4] Defendant's motion for summary judgment is now before the court, and we recommend granting it.

## I. Statement of Undisputed Facts

In 2014, plaintiff transferred from Pleasant Valley State Prison ("PVSP") to CSATF. ECF Nos. 57-5 at 16, 17; 61 at 28. At some point prior to arriving at CSATF, plaintiff contracted coccidiomycosis, more commonly known as valley fever, and began taking medication for that disease. ECF No. 61 at 28, 30. Plaintiff is party to a separate class-action lawsuit related to his contraction of valley fever in prison. ECF No. 61 at 29. One of the defendants in that class action lawsuit is the husband of the defendant in this proceeding. ECF No. 61 at 29-30.

Defendant was plaintiff's primary care physician from December 14, 2014 until February 25, 2016. ECF No. 57-5 at 2. When defendant began seeing plaintiff, plaintiff was on Fluconazole for treatment of valley fever. ECF No. 61 at 28. However, plaintiff had been on

---

[2] As discussed below, defendant prevails as to her substantive claims. Therefore, we need not reach the question of qualified immunity.

[3] Some of defendant's objections to disputed evidence need not be resolved to determine summary judgment. However, to the extent that plaintiff gives evidence that would require medical expertise or that is outside of his personal knowledge, we have not considered such evidence for the purposes of deciding this matter. Fed. R. Civ. P. 56(c)(4). Plaintiff's objections to defendant's evidentiary objections amount to assertions that he is entitled to make various legal arguments in relation to his claims. ECF No. 64. Plaintiff's legal arguments are considered in the analysis below.

[4] As required by *Rand v. Rowland*, 154 F.3d 952, 962-63 (9th Cir. 1998), plaintiff was provided with notice of the requirements for opposing a summary judgment motion via an attachment to defendant's motion for summary judgment. ECF No. 57-1.

Diflucan prior to using Fluconazole and wished to switch back to Diflucan. ECF Nos. 57-5 at 10, 17; 61 at 35. Defendant did not prescribe Diflucan as plaintiff requested. ECF No. 61 at 35. Plaintiff complains of multiple ailments that he began experiencing after switching medications, and which he attributes to his use of Fluconazole. ECF Nos. 20 at 12-13; 57-5 at 10; 61 at 35, 37. These ailments include numbness in his arms, weight loss, back pain, joint pain, difficulty walking due to pain, discoloration and lesions on his penile shaft, and bumps around his buttocks. ECF Nos. 20 at 12-13; 57-5 at 10, 20, 24, 27, 33; 61 at 35, 37, 95. None of these symptoms are recognized side effects of Fluconazole. ECF No. 57-5 at 5. Notably, Fluconazole is the generic equivalent of Diflucan, and plaintiff has not provided the court with any evidence supporting his assertion that switching from one to the other would result in altered side effects. *Id.*

Although plaintiff was under defendant's care for only about fifteen months, he saw her many times. ECF No. 57-5 at 10-43. Defendant prescribed various treatments for plaintiff's ailments—including a walker, physical therapy, and pain medication—and advised that he avoid slippery surfaces and heights. ECF No. 57-5 at 26, 29, 31, 35, 39, 42. After monitoring plaintiff's valley fever condition for several months, defendant referred plaintiff to Dr. Richard Smith, an infectious disease specialist, to see if plaintiff could be taken off Fluconazole because his valley fever was under control. ECF No. 57-5 at 5, 24. Plaintiff saw Dr. Smith on November 9, 2015. ECF No. 61 at 95-96. Dr. Smith recommended discontinuation of Fluconazole, and, because many of plaintiff's symptoms could not be attributed to valley fever, Dr. Smith recommended a CT scan of his chest and abdomen. *Id.* at 96. Defendant followed these recommendations by discontinuing Fluconazole on November 12, 2015 and ordering a CT scan, which occurred on December 22, 2015. ECF No. 57-5 at 35, 37, 43.

**II. Standard of Review**

Summary judgment is appropriate when there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A factual dispute is genuine if a reasonable trier of fact could find in favor of either party at trial.

*See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986). The disputed fact is material if it "might affect the outcome of the suit under the governing law." *See id.* at 248.

The party seeking summary judgment bears the initial burden of demonstrating the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). Once the moving party has met its burden, the non-moving party may not rest on the allegations or denials in its pleading, *Anderson*, 477 U.S. at 248, but "must come forward with 'specific facts showing that there is a genuine issue for trial.'" *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (quoting Fed. R. Civ. P. 56(e)).

In making a summary judgment determination, the court "may not engage in credibility determinations or the weighing of evidence," *Manley v. Rowley*, 847 F.3d 705, 711 (9th Cir. 2017) (citation omitted), and it must view the inferences drawn from the underlying facts in the light most favorable to the non-moving party. *See United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962) (per curiam); *Orr v. Bank of America, NT & SA*, 285 F.3d 764, 772 (9th Cir. 2002).

**III. Analysis**

**A. Eighth Amendment Medical Deliberate Indifference**

Plaintiff alleges that defendant acted with deliberate indifference to his serious medical needs when she continued prescribing Fluconazole despite plaintiff's pain and mobility challenges. ECF Nos. 20 at 8-13; 21 at 6.

The government has an "obligation to provide medical care for those whom it is punishing by incarceration," and "deliberate indifference to serious medical needs of prisoners constitutes the 'unnecessary and wanton infliction of pain' proscribed by the Eighth Amendment." *Estelle v. Gamble*, 429 U.S. 97, 103-04 (1976) (internal citation omitted) (quoting *Gregg v. Georgia*, 428 U.S. 153, 173 (1976)). This indifference can be "manifested by prison doctors in their response to the prisoner's needs or by prison guards in intentionally denying or delaying access to medical care or intentionally interfering with the treatment once prescribed." *Id.* at 104-05 (footnotes omitted).

The two-part test for deliberate indifference is as follows: "First, the plaintiff must show a serious medical need by demonstrating that failure to treat a prisoner's condition could result

in further significant injury or the unnecessary and wanton infliction of pain. Second, the plaintiff must show the defendant's response to the need was deliberately indifferent." *Wilhelm v. Rotman*, 680 F.3d 1113, 1122 (9th Cir. 2012) (internal quotation marks and citation omitted). "This second prong—defendant's response to the need was deliberately indifferent—is satisfied by showing (a) a purposeful act or failure to respond to a prisoner's pain or possible medical need and (b) harm caused by the indifference." *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006) (internal citations omitted).

When viewed in the light most favorable to the nonmoving party, the undisputed facts contain evidence that plaintiff had a serious medical need—given his valley fever, pain, and mobility challenges. *See McGuckin v. Smith*, 974 F.2d 1050, 1059-60 (9th Cir.1992) ("The existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain are examples of indications that a prisoner has a 'serious' need for medical treatment."), *overruled on other grounds by WMX Techs., Inc. v. Miller*, 104 F.3d 1133 (9th Cir.1997) (en banc). Therefore, plaintiff has made an adequate showing from which a reasonable jury could find a serious medical need.

However, defendant has negated an essential element of plaintiff's claim. The undisputed facts show that defendant affirmatively treated plaintiff and plaintiff cannot establish "(a) a purposeful act or failure to respond to a prisoner's pain or possible medical need and (b) harm caused by the indifference." *Jett*, 439 F.3d at 1096. Thus, defendant has met his initial burden on summary judgment by showing the absence of a genuine issue of material fact as to the deliberate indifference claim. *See Celotex Corp.*, 477 U.S. at 325.

Because defendant has satisfied his initial burden, the burden shifts to plaintiff to present specific facts that show there to be a genuine issue of a material fact. *See* Fed R. Civ. P. 56(e); *Matsushita*, 475 U.S. at 586. Plaintiff reasserts that Fluconazole caused many of his ailments and that he should have been switched to Diflucan, but he does not set forth any evidence that such treatment would be medically sound. These allegations, which do not raise any genuine

issue of material fact, are not sufficient to defeat summary judgment. *See Anderson*, 477 U.S. at 248 (recognizing that a party may not rest on allegations in the complaint when evidence shows no genuine issue in dispute); *Matsushita*, 475 U.S. at 587 (recognizing that plaintiff must come forth with "specific facts" that show a genuine issue for trial). The issues of whether defendant provided medical care in response to plaintiff's medical needs and whether harm was caused by defendant's indifference are not genuinely disputed; plaintiff has put forth no admissible evidence to the contrary. *See Anderson*, 477 U.S. at 252 (recognizing that a factual dispute is genuine if a reasonable trier of fact could find in favor of either party at trial).[5] Therefore, defendant has met her initial burden of showing no genuine issue of material fact as to the deliberate indifference claim and plaintiff has failed to provide any evidence to defeat summary judgment on this issue.

Plaintiff argues that defendant exercised no judgment in his medical care. "A difference of opinion between a physician and the prisoner—or between medical professionals—concerning what medical care is appropriate does not amount to deliberate indifference." *Colwell v. Bannister*, 763 F.3d 1060, 1068 (9th Cir. 2014) (quoting *Snow v. McDaniel*, 681 F.3d 978, 987 (9th Cir. 2012)). Instead, the plaintiff "'must show that the course of treatment the doctors chose was medically unacceptable under the circumstances' and that the defendants 'chose this course in conscious disregard of an excessive risk to plaintiff's health.'" *Id.* (quoting *Snow*, 681 F.3d at 988). Distinguishing a difference of opinion from a choice of medically unacceptable treatment can pose a challenge, but it remains uncontroversial that a medical professional must exercise some degree of professional judgment; a plaintiff can prevail by showing that a medical professional exercised no medical judgment at all. *See id.* at 1069.

---

[5] Plaintiff's allegations as to the soundness of medical judgments or the side effects of medications are outside of his personal knowledge and/or require medical expertise. Thus, these allegations would not be admissible at trial, as noted above, and a reasonable trier of fact would have no evidence upon which to find those alleged facts. *See Anderson*, 477 U.S. at 252; Fed. R. Civ. P. 56(c)(4).

6

Medical records indicate that defendant provided plaintiff with medical care for all serious medical needs, even though plaintiff did not always agree with defendant's course of action. This case is thus similar to *Alexander v. Williams*, 683 F. App'x 582 (9th Cir. 2017), in which the plaintiff received a variety of treatments from defendants to treat him. In *Alexander*, plaintiff presented no "evidence to suggest that the treatment he received was medically unacceptable." *Alexander*, 683 F. App'x at 582. Similarly, in this case, plaintiff has received a variety of treatments in response to his complaints of medical ailments and has produced no evidence that the treatments he received were medically unacceptable.[6] ECF No. 57-5 at 10-43. Therefore, plaintiff's claim of deliberate indifference must fail. *See Alexander*, 683 F. App'x at 583.

Plaintiff asserts that his case meets the deliberate indifference standard because it is similar to *Jett v. Penner*, 439 F.3d 1091 (9th Cir. 2006). ECF No. 61 at 4-5. In that case, a doctor saw the plaintiff for a broken thumb, gave him a temporary splint, and advised him in writing that he would need to follow up with an orthopedic specialist to have his thumb cast. *Jett*, 439 F.3d at 1094. Despite this acknowledgement of the need for orthopedic follow-up, the defendant physician allowed the plaintiff's fracture to heal for over a year before finally referring him to an orthopedic specialist. *Id.* at 1094-95. By that point, the specialist recognized that the plaintiff had suffered from a "bad fracture" that might require pin placement to repair. *Id.* at 1095. The court found a triable factual issue as to whether the defendant's failure to have the fracture cast and set in a timely manner, causing pain and deformity in the plaintiff's hand, met the deliberate indifference standard. *Id.* at 1098.

In contrast to *Jett*, defendant in this case continued the treatment plan for valley fever that plaintiff had been following before he became her patient. Defendant consistently monitored

---

[6] For each medical appointment with defendant in which plaintiff complained of ailments, defendant gave him a treatment plan. To assist with pain, plaintiff was prescribed pain medication. To address mobility issues, plaintiff was given a walker, referred for physical therapy, and given parameters for work duties such as no slippery surfaces or heights. To manage valley fever, plaintiff was kept on Fluconazole and tested regularly for several months, then referred to an infectious disease specialist, Dr. Smith, and taken off that medication once his disease levels proved to be both low and steady.

7

plaintiff's disease, and defendant herself took the initiative to refer plaintiff to Dr. Smith when she believed plaintiff's valley fever might be sufficiently under control to take him off Fluconazole. After Dr. Smith made that recommendation, defendant took plaintiff off Fluconazole. There is no evidence from any medical professional that defendant's medical care for plaintiff was unreasonable or that it deviated from the standard of treatment for valley fever. There is also no evidence that Fluconazole caused any of the ailments which plaintiff attributes to that medication. Therefore, *Jett* is unlike the case at hand.

Plaintiff further argues that "deliberate indifference may be inferred" when a medical professional's decision is "a substantial departure from accepted professional judgment." ECF No. 64 at 5. However, differences in medical judgment, while they may support a medical malpractice claim, do not rise to the level of demonstrating a violation of the Eighth Amendment. *See Estelle v. Gamble*, 429 U.S. 97, 107 (1976) ("[W]hether an X-ray or additional diagnostic techniques or forms of treatment is indicated is a classic example of a matter for medical judgment. A medical decision . . . does not represent cruel and unusual punishment. At most it is medical malpractice."). In this case, plaintiff presents no evidence that defendant deviated from accepted medical judgment. Defendant followed Dr. Smith's medical opinion regarding plaintiff's treatment. Dr. Smith did not opine that defendant had deviated from any standard of care and did not attribute any of plaintiff's ailments to Fluconazole. Thus, there are no differences in medical judgment in the record. Even if such differences did exist, they would be insufficient to show deliberate indifference. *See Estelle*, 429 U.S. at 107.

For these reasons, plaintiff's Eighth Amendment medical indifference claim must fail, and defendant is entitled to summary judgment on this issue.

### B. First Amendment Retaliation

Plaintiff alleges that defendant refused to treat him properly because defendant believed that plaintiff was part of a civil rights action filed against defendant's husband. ECF Nos. 20 at 9-10, 14-15; 21 at 8. To prevail on a retaliation claim under the First Amendment, plaintiff must show: "(1) . . . that a state actor took some adverse action against an inmate (2) because

of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." *Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005).

Plaintiff's retaliation claim fails on the first element because the adverse action he complains of, refusing medical care and treatment, is not in evidence in this case. Defendant treated plaintiff in response to his medical needs, and no medical opinion to the contrary is in evidence in this case. Plaintiff's assertion that Fluconazole caused side effects that defendant failed to address by substituting Diflucan is unsupported by the evidence. Therefore, defendant should be granted summary judgment as to plaintiff's First Amendment retaliation claim as well.

### IV. Findings and Recommendations

For the foregoing reasons, we recommend:

1. that the court grant in full defendant's motion for summary judgment, ECF No. 57; and

2. that this case be dismissed without prejudice.

These findings and recommendations are submitted to the U.S. district judge presiding over the case under 28 U.S.C. § 636(b)(1)(B) and Local Rule 304. Within fourteen days of the service of the findings and recommendations, the parties may file written objections to the findings and recommendations with the court and serve a copy on all parties. That document must be captioned "Objections to Magistrate Judge's Findings and Recommendations." The presiding district judge will then review the findings and recommendations under 28 U.S.C. § 636(b)(1)(C). If the parties fail to file objections within the specified time, they may waive their rights to object to factual findings on appeal. *See Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014).

IT IS SO ORDERED.

Dated: February 6, 2019

/s/ Jeremy Peterson
UNITED STATES MAGISTRATE JUDGE

No. 204